## HENRIETTA M. GARWOOD *v.* JOSEPH M. WOOD *et als.*

EXCLUSION OF COMPETENT EVIDENCE.—If the Court, on the trial, excludes documentary evidence offered to prove a certain fact, but yet, from other evidence, finds the fact which the evidence was offered to prove, the party is not injured by the exclusion, even if the evidence was competent.

WHEN ERROR NOT INJURIOUS.—A judgment will not be reversed for an error which did not injure the appellant.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff brought this action under the two hundred and fifty-fourth section of the Practice Act, to quiet title to a part of what was called "Strawberry Island," in the City and County of San Francisco. The defendant Wood, in his answer, alleged prior possession in himself, continuing down into the year 1860, and prayed affirmative relief to the extent of being restored to the possession. The plaintiff recovered judgment in the Court below, and the defendant Wood appealed.

The other facts are stated in the opinion of the Court.

*Joseph M. Wood, in pro per.,* for Appellant.

The record of the possessory claim made by Wood should have been admitted in evidence. It·was competent to rebut the finding of abandonment, and as illustrative of the extent of appellant's possession, and of his intention to retain possession. The act was solemn in its nature, and published to the world. The rule which prohibits proof of the mere intention admits proof of any act which manifests a relevant intention. The act proved, the law declares the intention.

This act manifested clearly an intention to hold on, and not to relinquish, and as such should have been admitted. On the other hand, it explained the possession, declared its extent and purpose, the nature of the claim, and to whom it inhered. To an analagous point, see *Ellis* v. *Janes*, 10 Cal. 456.

In the case of *Keane* v. *Cannovan*, 21 Cal. 303, Mr. Chief Justice Field observed: "The charge to the jury on the subject of abandonment was correct. The charge was, that the question of abandonment was one of intention, of which the jury was to judge exclusively, and that in order to do so, they must take into consideration all the facts and circumstances before them. The question was correctly stated; it was plainly one of intention, to be gathered from the facts." (*St. John* v. *Kidd*, 26 Cal. 272; *Richardson* v. *McNulty*, 24 Cal. 339.)

*Samuel L. Cutter, Jr.*, for Respondent.

The intention of Wood has nothing to do with the law in the case. The intention of a settler, without action on his part, amounts to nothing. He must fence, dig, cultivate, adorn, pasture, or protect his land. In other words, he must *occupy* and *possess* the land in the legal sense.

By the Court, RHODES, J.:

The findings show that in 1851, Willard was in the possession and occupation of the premises in controversy; that by various mesne conveyances the plaintiff became the owner of all the right, title and interest of Willard, and had possession of the premises at the commencement of the action; that the several grantees of Willard's interest successively entered upon and continuously occupied, possessed and enjoyed the premises, and that such possession was frequently interrupted by intruders, but was successfully main-

32

tained.    It is also found " that the said defendant, Wood, in 1853, built a house upon that part of Strawberry Island east of and outside of the land described in the complaint, and lived there about a month, and then leased it, claiming to be the owner and in possession of the whole of said Straw-berry Island, and entered upon that part of it then in posses-sion of Willard ; that in the same year, 1853, said Wood and his tenants abandoned the possession of Strawberry Island and have not since been in possession of any part thereof; that said Wood so entered on that part of Strawberry Island included in this complaint, without the consent and against the will of said Willard."

No complaint is made of the findings, as we understand from the appellant's brief in reply ; but it is claimed that the Court erred in excluding the record of a " possessory claim " made by Wood on the 29th of March, 1853, under the Possessory Act of this State of April 20th, 1852.    It was offered " to show the intention of said Wood to hold and appropriate the land therein described to his own use, at the time of the entry."    The finding above cited clearly shows that the intention of Wood was precisely that which he desired to prove by the introduction of the record.    He is not injured by its exclusion, admitting that it was competent evidence of the fact for which it was offered.

As to the point that the proposed evidence has a material bearing on the question of Wood's abandonment of the premises, it need only be said that if the intention with which he entered is competent evidence in rebuttal of the alleged abandonment, he has the benefit of it in the strongest possible form, in the finding, that he entered " claiming to be the owner " of the premises.

Judgment as to the defendant Wood affirmed.